CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 31 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTTINE ANDERSON,<br>                      *Defendant* | CRIMINAL No. 3:04cr00030-2<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This case is before the Court upon consideration of Defendant's 18 U.S.C. § 3582(c)(2) motion (docket no. 237) seeking recalculation of his sentencing guidelines range pursuant to Amendment 706[1] to the United States Sentencing Guidelines ("U.S.S.G."), regarding crack cocaine sentencing, and a corresponding reduction of his sentence. On May 23, 2008, I issued an Order giving notice that the Court was considering reducing Defendant's sentence and directing the Government to file any objections by June 6, 2008. The Government lodged its objections, asserting that Defendant is a public safety threat because of his criminal history, including his involvement in an attempted escape from pre-sentencing custody in which two jail guards were assaulted. I then appointed the Federal Public Defender to represent Defendant, and directed counsel to confer and schedule a hearing on the matter. However, upon further consideration of the motion, the Government's objections, and Defendant's responses thereto, I have determined that a hearing is not necessary. For the reasons that follow, I will grant

---

[1] This Amendment was presented to Congress on May 1, 2007, as Amendment 9; however, it became effective, on November 1, 2007, as Amendment 706 of the United States Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL supplement to app. C (2007). Amendment 711 amends Amendment 706 to change the commentary regarding the determination of base offense levels in offenses involving additional controlled substances. *Id.* Amendment 713 makes Amendment 706 retroactively applicable, effective March 3, 2008. *See* U.S. SENTENCING GUIDELINES MANUAL supplement to 2007 supplement to app. C (2008).

Defendant's motion, and Defendant's previously imposed sentence of 135 months will be reduced to 120 months.

Defendant was one of five persons arrested on drug charges in Charlottesville, Virginia on March 3, 2004, and subsequently indicted in this Court. On August 14, 2004, while housed at the Albemarle-Charlottesville Regional Jail, Defendant and several other inmates attempted to escape custody; as a result of the attempted escape, Defendant was charged in Albemarle County Circuit Court with five felony offenses: attempted escape, two charges of abduction, and two charges of assault on a correctional officer. *See* Albemarle County Circuit Court case nos. 17,427-29, and 17,512-13. On March 15, 2005, one of the charges of abduction was dismissed, and Defendant was convicted of the remaining charges. On June 28, 2005, Defendant was sentenced to a total term of incarceration of 13 years, and this sentence was imposed by a judgment entered on July 22, 2005. Defendant appealed to the Virginia Court of Appeals (Record No. 1596-05-2), which denied the appeal by order dated March 21, 2006.

Meanwhile, on May 12, 2005, Defendant pleaded guilty to Count One of the indictment in the instant case, which charged that he participated in a conspiracy to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). His plea agreement stipulated that he would held accountable for a drug weight of 500 grams to 1.5 kilograms of crack cocaine.[2] On March 23, 2006, I sentenced Defendant to prison for a term of 135 years, plus five years of supervised release. I imposed this sentence after the recalculation of the sentencing guidelines to reflect an agreement between the Government and Defendant to reduce the drug weight to 50 to 150 grams of crack cocaine. The 135-month sentence was the bottom of the applicable sentencing guideline range for the reduced drug weight. Under the terms of the

---

[2] The police recovered 98.4 grams of crack cocaine hidden by Defendant and a co-defendant before their arrest.

2

plea agreement, Defendant's offense level was adjusted upward by two levels for obstruction of justice as a result of the attempted escape from Albemarle-Charlottesville Regional Jail on August 14, 2004. *See* U.S.S.G. § 3C1.1, Application Note 4(e).[3]

In its objections to the proposed reduction in Defendant's sentence, the Government states that "[t]he original sentence of 135 months imposed by the court was lawful, reasonable and just" and that, in applying the "factors for consideration as to whether a reduction is warranted, including the 18 U.S.C. §3553(a) factors, as well as the consideration of public policy," the following facts "support the Government's objection and militate against the Court reducing the previously imposed sentence":

a. While incarcerated pending sentencing, the defendant obstructed justice by attempting to escape custody and abducted, assaulted and battered an Albemarle County Correctional Officer.
b. The defendant has a criminal history which includes prior drug-related offenses and crimes of violence including first degree robbery.
c. The defendant was under the supervision to the New York court system at the time the during the period of the current offense.

(Citations to Presentence Report omitted.) The Government adds the following details regarding the attempted escape on August 14, 2004:

> The defendant's past criminal misconduct, as well as the violent and egregious nature of his abduction, assault, and battery of a Corrections Officer strongly weigh against his early release. With assistance from another inmate, Anderson beat an Albemarle County Correctional Officer unconscious. He then used torn strips of bed sheets to help hogtie the Officer. The Officer was then hooded with a pillow sheet and stuffed under a bunk bed. When another Correctional Officer arrived to locate his fellow Officer, an inmate seized and choked him while Anderson put a cloth over his head. Anderson then demanded that the Officer place his arms being his back and helped handcuff him. Given the defendant's violent criminal past, the gross nature of his criminal misconduct while incarcerated for the offense for which he now seeks leniency, and the substantial risk that Anderson will present a threat to public safety if released early, the government strongly urges the Court to deny the defendant's motion.

---

[3] The 2004 edition of the *Guidelines Manual* was used in Defendant's case.

3

On March 23, 2006, when Defendant was sentenced, the Court was fully informed of the conduct that forms the basis of the Government's objection. The circumstances surrounding the attempted escape were fully detailed in the presentence report; furthermore, as I have already observed, that conduct was taken into account at the time of sentencing, and Defendant's offense level calculations were adjusted upward by two levels for obstruction of justice for the attempted escape of August 14, 2004.

Under the original terms of the plea agreement, Defendant was to be held accountable for a drug weight of 500 grams to 1.5 kilograms, putting his Base Offense Level at 36. His offense level was adjusted upward by two levels for obstruction of justice, and was adjusted downward by three levels for acceptance of responsibility, bringing his Total Offense Level to 35. Based upon his criminal history, he was found to be in Criminal History Category III. His sentencing guideline range was 210 to 262 months. However, as I have previously observed, at the sentencing hearing his drug weight was reduced – pursuant to the Government's agreement – from 500 grams to 1.5 kilograms to 50 to 150 grams, and his Base Offense Level was accordingly reduced from 36 to 32. Applying the two-level upward adjustment for obstruction of justice and the three-level downward adjustment for acceptance of responsibility resulted in his Total Offense Level being reduced from 35 to 31. Thus, his sentencing guideline range was 135 to 168 months, and I sentenced Defendant to 135 months.

As I notified the parties on May 23, 2008, Defendant is eligible, pursuant to Amendment 706, to have his Base Offense Level further reduced, by two levels, to 30. Applying the two-level upward adjustment for obstruction of justice for the attempted escape on August 14, 2004, and the three-level downward adjustment for acceptance of responsibility brings his Amended Total Offense Level to 29. The corresponding sentencing guideline range is 108 to 135 months;

however, as Defendant is subject to a minimum mandatory sentence pursuant to 21 U.S.C. 841 (b)(1)(A)(iii), and he was not the beneficiary of either a substantial assistance motion or safety valve treatment, his sentence will be reduced to the mandatory minimum sentence of 120 months.

The seriousness of the defendant's conduct in the underlying offense was a factor that was taken into consideration in the guideline calculations, as was the conduct relating to the defendant's participation in the escape attempt. Similarly, the defendant's criminal history was fully taken into account in the guideline calculations at the time he was sentenced. All of these factors remain accounted for in the recalculated guidelines sentence and, significantly, the Government does not allege any post-sentence conduct as a basis for denying Defendant's motion. To deny him a sentence reduction because of pre-sentence conduct that was fully accounted in his presentence report and was fully known to and evaluated by this Court at sentencing would "doubly penalize the defendant."[4] *United States v. Herndon*, Criminal Case No. 3:01CR00063, 2008 WL 750588 (W.D. Va. March 19, 2008).

Defendant is eligible for a reduction of sentence from 135 to 120 months because of the changes to the sentencing guidelines pursuant to Amendment 706. The Government's objections

---

[4] The Government was aware of Defendant's conduct and criminal history at the time of sentencing and could have advocated for an upward departure or high-end guideline sentence if Defendant was considered to be such a danger to the public. However, the Government did not so move; rather, the Government agreed to a reduction in Defendant's drug weight, which amounted, in essence, to a sentence reduction from 210 months to 135 months. Yet now the Government objects to a reduction (as a result of the Sentencing Commission's policy change) in Defendant's sentence because of the very same conduct for which he has already been punished, both by this Court and by the courts of the Commonwealth of Virginia. The two-level upward adjustment for obstruction of justice for the attempted escape on August 14, 2004, still applies, and there is no reason to believe that if Anderson's sentence is reduced from 135 months to 120 months, it is more likely that he will be a public safety risk. When he was sentenced on March 23, 2006, the court denied his motion to run his sentence concurrent with his state sentence. As a result, he will be subject to his 13-year state sentence after he serves out his federal sentence. Virginia abolished parole in 1995, and a Virginia inmate can earn a maximum of four and one-half sentence credits for each 30 days served, which is 15% of the sentence. Virginia Code § 53.1-202.3. Thus, after Defendant finishes serving his federal sentence in the instant case, he can expect to serve approximately 11 years in state custody for the attempted escape on August 14, 2008.

5

are based upon Defendant's pre-sentence conduct, which remains accounted for under the application of the amended guidelines. Accordingly, the Government's objections will be OVERRULED, and Defendant's sentence will be reduced from 135 months to 120 months.

For the reasons stated herein, the Court will grant the instant motion (docket no. 237). An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTERED: This 31st day of October, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE